SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry C. Beckhum, ) | No. CV 07-8129-PCT-DGC (BPV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Lisa Hirsch, et al., ) | |
| Defendants. ) | |

Plaintiff Barry C. Beckhum, who was then-confined in the Coconino County Jail in Flagstaff, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend.[1] (Doc.# 1, 6.)[2] Plaintiff has filed a First Amended Complaint. (Doc.# 8.) The Court will order Defendants Fader, Hirsch, and Nurses Betsy and Beth to answer Counts I and II of the First Amended Complaint.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff is now confined in the Arizona State Prison Complex, Cook Unit, in Florence, Arizona.

[2] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

## II.     First Amended Complaint

Plaintiff alleges two counts for relief concerning medical care and his conditions of confinement.  He sues Coconino County Jail Nurses Beth and Betsy, Head Nurse Lisa Hirsch, and Dr. Fader.  Plaintiff seeks compensatory, punitive, and injunctive relief.

Plaintiff alleges the following facts:  Plaintiff arrived at the Coconino Detention Center on July 31, 2007, and informed medical staff that he had insulin-dependent diabetes. (Doc.# 8 at 3.) He informed Nurse Betsy that his personal physician prescribed him Lantus-type insulin; Betsy told Plaintiff that she "personally" did not like Lantus and used 70/30 insulin. (Doc.# 8 at 3.) Plaintiff was provided 70/30 insulin injections. On August 2, 2007, Plaintiff began to get very sick from the 70/30 insulin because it failed to regulate his blood sugar levels. Supervising Nurse Hirsch told Plaintiff that the Jail used 70/30 insulin because it was more cost-effective than Lantus-type insulin. (Id.) On August 7, 2007, Plaintiff's glucose levels rose to 400; Nurse Beth told Plaintiff that his levels were so high due to eating the wrong foods rather than the use of 70/30 insulin. (Id.)  Plaintiff contends that the Defendants knew that he was becoming sick due to the use of the 70/30 insulin. (Id.) After being informed of Plaintiff's condition, Dr. Fader issued a memorandum stating that the 70/30 insulin was clinically effective and was to be used by Jail staff. (Id. at 3-3A.) However, Dr. Fader told Plaintiff that because of his high glucose levels, his glucose levels would be checked four times a day, rather than three. (Id. at 3A.) On August 28, 2007, Dr. Fader switched Plaintiff to Lantus-type insulin from 70/30 insulin. (Id.) Plaintiff contends Defendants acted with deliberate indifference to his serious medical needs between his arrival at the Jail until August 28, when he started to receive Lantus-type insulin. (Id.) During that period, he suffered severe sickness, dizziness, and on three consecutive days, he suffered from, or was at risk for, hypoglycemic shock and coma because his glucose levels were so low. (Id.)

On September 2, 2007, Plaintiff submitted a written complaint about receiving his insulin late and not receiving his meals 30 minutes after an injection, which was necessary to regulate his glucose levels. (Id. at 3A.) Between September 6, 2007 and October 10,

2007, Plaintiff routinely received his insulin two hours late. (Id. at 4.) This in turn caused his glucose levels to rise up to 400 and caused Plaintiff pain in his extremities. (Id.) Further, on October 3, 4, and 5, 2007, Hirsch gave Plaintiff insulin injections when his glucose levels were low, causing the levels to drop further, rather than providing him glucose tablets. (Id. at 3A.) Although Plaintiff was to be transferred to medical for observation, he was not transferred until October 10. (Id.)

Plaintiff otherwise alleges that Nurses Hirsch, Betsy, and Beth, administered glucose tests and insulin injections in an unsanitary manner, i.e., through the food trap through which toilet brushes, plungers, mops, and brooms had also been passed. (Id. at 4.) He alleges on three occasions "Defendant" performed glucose checks and gave insulin injections without wearing gloves. (Id. at 4A.)

## III. Claims for Which an Answer Will be Required

In Count I, Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical care in treating his diabetes. He alleges that they continued to administer 70/30 insulin, instead of Lantus-type insulin prescribed by Plaintiff's physician, for approximately a month, despite adverse effects allegedly caused by the 70/30 insulin. He also alleges that Defendants routinely delayed provision of time-sensitive medication and meals to manage his diabetes. In Count II, Plaintiff alleges that the administration of glucose tests and insulin injections through the food trap by Hirsch, Betsy and Beth was unsanitary where toilet brushes, mops, and brooms had been transferred through the same trap. Plaintiff sufficiently states a claim based upon these allegations. Defendants will be required to respond.

## IV. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants Fader and Nurses Betsy, Beth and Lisa Hirsch must answer Counts I and II of the First Amended Complaint.

(2)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 8), this Order, and both summons and request for waiver forms for Defendants Fader, Hirsch, and Nurses Betsy and Beth.

(3)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

1  is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);
2  LRCiv 16.2(b)(2)(B)(I).

3  (5) The United States Marshal must retain the Summons, a copy of the First
4  Amended Complaint, and a copy of this Order for future use.

5  (6) The United States Marshal must notify Defendants of the commencement of
6  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7  Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
8  Marshal must immediately file requests for waivers that were returned as undeliverable and
9  waivers of service of the summons. If a waiver of service of summons is not returned by a
10 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
11 Marshal must:

12  (a) personally serve copies of the Summons, First Amended Complaint, and
13  this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
14  Procedure; and

15  (b) within 10 days after personal service is effected, file the return of service
16  for Defendant, along with evidence of the attempt to secure a waiver of service of the
17  summons and of the costs subsequently incurred in effecting service upon Defendant.
18  The costs of service must be enumerated on the return of service form (USM-285) and
19  must include the costs incurred by the Marshal for photocopying additional copies of
20  the Summons, First Amended Complaint, or this Order and for preparing new process
21  receipt and return forms (USM-285), if required. Costs of service will be taxed
22  against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
23  of Civil Procedure, unless otherwise ordered by the Court.

24  (7) **A Defendant who agrees to waive service of the Summons and Complaint**
25 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

26  (8) Defendant must answer the Complaint or otherwise respond by appropriate
27 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
28 Rules of Civil Procedure.

TERMPSREF

- 5 -

1      (9)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

       (10)   This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

       DATED this 21st day of May, 2008.

                                            _____
                                            David G. Campbell
                                            United States District Judge